UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JIMMY LEE VERNON JR.**                                            **CIVIL ACTION**

**VERSUS**                                                                       **NO. 23-6882**

**EARNESTINE LARK**                                                  **SECTION "G" (2)**

## ORDER AND REASONS

Before the Court are Plaintiff Jimmy Lee Vernon, Jr's ("Plaintiff") Objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case[1] and a Motion to Refund Filing Fee.[2] Plaintiff, who is incarcerated at the Folsom State Prison in Folsom, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Earnestine Lark ("Defendant").[3] The Magistrate Judge recommended that the Court dismiss the complaint without prejudice because venue is not proper in the Eastern District of Louisiana and transferring the matter to another federal district would not be in the interest of justice.[4] Plaintiff objects to the Magistrate Judge's recommendation.[5] Considering the Complaint, the Report and Recommendation, Plaintiff's objections, the record, and the applicable law, the Court overrules Plaintiff's objections, adopts the Report and Recommendation, and dismisses this matter without prejudice. The Court also denies the Motion to Refund the Filing Fee.

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 14.

[3] Rec. Doc. 4. Plaintiff originally requested that he be allowed to file *in forma pauperis*. Rec. Doc. 5. After that request was denied, he paid the $405 filing fee.

[4] Rec. Doc. 12 at 8 (citing 28 U.S.C. § 1406).

[5] Rec. Doc. 13.

## I. Background

On December 13, 2023, Plaintiff filed a Complaint in this Court against Defendant, whom he identifies as his father's sister and a resident of the State of California.[6] Plaintiff claims that he is the only child of his father Jimmy Lee Vernon, Sr., who died on September 10, 2020, in Arcadia, Louisiana.[7] He contends that, about one month before his father died, Defendant came to Louisiana and had Vernon Sr. make a donation of his land to her through fraud.[8] Plaintiff claims that he contacted the Bienville Parish court about the transfer, and on October 18, 2021, he received a response from the court advising him to get a lawyer.[9]

The Magistrate Judge recommended that the matter be dismissed without prejudice for improper venue pursuant to 28 U.S.C. § 1406.[10] Section 1406(a) instructs district courts, when venue is improper, to either dismiss the case or, "if it be in the interest of justice," to transfer to a district where venue is proper.[11] The Magistrate Judge found that venue may be proper in the Central District of California or the Western District of Louisiana.[12] The Magistrate Judge found that transfer was not in the interest of justice because Plaintiff had not stated a viable claim under Section 1983 or shown any other basis for subject matter jurisdiction.[13]

---

[6] Rec. Doc. 4 at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 5.

[10] Rec. Doc. 4 at 2 (citing 28 U.S.C. § 1406).

[11] 28 U.S.C. § 1406(a).

[12] Rec. Doc. 12 at 4.

[13] *Id.* at 7–8.

Plaintiff objects to the Report and Recommendation.[14] Plaintiff asserts that the Complaint should not be dismissed because a substantial part of the events giving rise to his claim occurred in Louisiana.[15] Alternatively, Plaintiff argues that the case should be transferred to a district where it could have been brought, because when he filed in this Court Plaintiff believed it was the correct venue.[16]

Plaintiff also requests that the filing fee be returned to him or forwarded to the district where the case could have been brought.[17] Plaintiff states that he is serving a life sentence in California, he cannot afford to hire an attorney, and he does not understand the law.[18]

## II. Standard of Review

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend a disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[19] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[20] The district judge must "determine de novo any part of

---

[14] Rec. Doc. 13.

[15] *Id.* at 4.

[16] *Id*. at 6.

[17] Rec. Doc. 14.

[18] *Id.* at 2.

[19] 28 U.S.C. § 636(b)(1)(B).

[20] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

the [Report and Recommendation] that has been properly objected to."[21] However, a district court's review is limited to plain error of parts of the report not properly objected to.[22]

### III.  Law and Analysis

Plaintiff objects to the Magistrate Judge's recommendation that this Court dismiss this action without prejudice under 28 U.S.C. § 1406.[23] Plaintiff asserts that the Complaint should not be dismissed because a substantial part of the events giving rise to his claim occurred in Louisiana.[24] Alternatively, Plaintiff argues that the case should be transferred to a district where it could have been brought, because when he filed in this Court Plaintiff believed it was the correct venue.[25]

Title 28, United States Code, Section 1406(a) allows a district court to transfer a case from a district in which venue is improper to another district in which venue is proper if such transfer "is in the interest of justice."[26] Plaintiff brings claims under 42 U.S.C. § 1983. Since Section 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at 28 U.S.C. § 1391(b).[27] Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which any action may otherwise be brought as provided

---

[21] Fed. R. Civ. P. 72(b)(3).

[22] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

[23] Rec. Doc. 13.

[24] *Id.* at 4.

[25] *Id*. at 6.

[26] 28 U.S.C. § 1406(a); *see also Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1996); *Utterback v. Trustmark Nat'l Bank,* 716 F. App'x 241, 244 (5th Cir. 2017).

[27] *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).

in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[28]

Plaintiff does not allege that Defendant resides in this forum.[29] Plaintiff also does not allege that a substantial part of the events or omissions giving rise to his claim occurred in this forum.[30] While Plaintiff alleges that a substantial part of the events occurred in Louisiana, all of these events occurred in Bienville Parish, which is within the geographical boundaries of the Western District of Louisiana. Therefore, Plaintiff has not demonstrated that venue is proper in the Eastern District of Louisiana.[31]

Plaintiff also has not shown that the transfer of the proceeding to another federal court would promote efficient and fair adjudication and serve the interests of justice. Plaintiff has not stated a viable claim against Defendant under Section 1983 as he does not allege that Defendant was a state actor. Plaintiff also has not alleged any other basis for a federal court to exercise subject matter jurisdiction over this matter. Plaintiff alleges that both he and Defendant are citizens of California. Therefore, a federal court could not exercise diversity jurisdiction over this matter, and any probate or succession related claims Plaintiff may have against Defendant must be brought in state court.

Even when proceeding *in forma pauperis*, the Prison Litigation Reform Act ("PLRA") requires a prisoner who files a civil action in federal court to pay the full amount of the filing fee.[32]

---

[28] 28 U.S.C. § 1391(b).

[29] Rec. Doc. 4.

[30] *Id.*

[31] *See* 28 U.S.C. § 1391(b).

[32] *See* 28 U.S.C. § 1915(b)(1) ("If a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—(A)

5

If a prisoner does not have the funds to pay the full amount upfront, the PLRA allows the Court to order that the fee be paid in monthly installments.[33] However, the fee cannot be waived. Even when a prisoner voluntarily dismisses a case, the Fifth Circuit has held that "[n]o relief from an order directing payment of the filing fee should be granted."[34] A litigant is not entitled to a refund of the filing fee, regardless of the outcome of the case.[35]

In this case, the Magistrate Judge denied Plaintiff's motion to proceed *in forma pauperis* because Plaintiff's inmate statement account reflected that he had sufficient funds to pay the filing fee.[36] Thereafter, Plaintiff voluntarily paid the filing fee. Plaintiff has not identified any authority for the refund of his filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation;

**IT IS FURTHER ORDERED** that the above captioned matter is **DISMISSED WITHOUT PREJUDICE** for improper venue.

---

the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.").

[33] *Id.*

[34] *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (citing *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir.1997)) ("[W]e hold that the plain language of the PLRA requires that appellate fees be assessed at the moment the appeal is filed, regardless of whether the appeal is later dismissed.").

[35] *See Wilkinson v. Brennan*, No. 18-2639, 2018 WL 11470473, at *2 (N.D. Tex. Nov. 2, 2018) ("The Conference's current policy regarding refund and filing fees, in effect since 1949, has broadly interpreted to generally prohibit refunds and fees upon filing, even if a party filed the case in error, or the court dismissed the case or proceeding."); *Green v. Bank of Am.*, No. 12-2093, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012).

[36] Rec. Doc. 6.

**IT IS FURTHER ORDERED** that the Motion to Refund Filing Fee[37] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  11th  day of June, 2024.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**NANNETTE JOLIVETTE BROWN**
　　　　　　　　　　　　　　　　　　**CHIEF JUDGE**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

---

[37] Rec. Doc. 14.